Thank you. May it please the Court and Counsel, the appellant today appeals an order on the motion for summary judgment that determined his attorney fee award in an Idaho divorce case is in the nature of support and is therefore non-dischargeable under 11 U.S.C. 523-A5. We believe that the judge erred in this determination for several reasons. He relied on a perfunctory mention of Idaho Code Section 32-704, which looks partly to need, but if the mere mention of this statute makes a fee award to be in the nature of support, then every attorney fee award in Idaho would have to be non-dischargeable because the judge must by statute consider those factors. We believe that case law supports a different approach than that taken by Judge Meyer. The Shaver case, for instance, says that the Court looks to beyond the language of the decree to the intent of the parties, which is maybe not as relevant here, but also to the substance of the obligation. Case law says that if the fee award is separate from the maintenance award, then the award is otherwise non-dischargeable. Judge Gann wants to ask a question. Oh, I'm sorry. I think we both started at the same time. Before we get too far down the line, can I ask, what do you want this Court to do? I want the Court to determine that the bankruptcy court erred in determining that the award is a 523A5 non-dischargeable because it's in the nature of support. Okay. I get that. Your briefing suggests that you wanted something else, though, that you Is that not the case? Oh, well, I don't think this Court can do that. I don't think that's how it works. That may be a mistake. That was part of the confusion. And quite honestly, part of the confusion is what happened below because it seemed like the parties, after the first hearing on this, decided just to give the whole entirety of it to the bankruptcy judge for decision. Are we reading that record correctly or are we putting too much into that? That is correct. For that stage of the motion for summary judgment, it was to let the judge determine based on the order of the state. You're putting out just at the wrong times. Yeah, you should probably just repeat that last answer because you cut out somewhere in the middle of it. It froze again. Yeah. Okay. So, yes, we left it to the bankruptcy court to determine based on the state court order. Let me follow up Judge Spraker's question and ask you this. Get this distinction if you can. Are you suggesting that he erred because there were disputed issues of material fact that required a trial? That's one. Or number two, are you saying, look, we know he had to resolve these questions. We submitted it to him on this record and asked him to answer. This is the right answer. You know, you win. Do you see the distinction there? Are you suggesting summary judgment was inappropriate because there were disputed issues and we should remand it back for a trial? Or are you saying we stipulated this is the universe of documents to review, Your Honor. You figure out whatever they say they say and then you enter a ruling that you think is appropriate. And we're just going to see if it's clearly erroneous, if there's no evidence to support it, or if the law is contrary to what you suggest it is. Can you tell me which one you are proceeding under? I would say it was more of the latter. I mean, interpreting the law and the facts were established, I think, by that. You know, we're not asking him to interpret a mediated settlement agreement between the parties. It was a court order and we just think the court got the law wrong. I wanted to say I wanted to congratulate both of you for doing that. I mean, you agreed on what the facts were and you asked for a decision. I think that's very professional. Anyway, that's not a question, just a comment. Please go ahead. I think we've frozen once again, I'm afraid. I would submit for questions, if any. Okay, any more questions from the panel? I don't think I have any. Oh, go ahead. I'm sorry. Go ahead. I don't think I have anything further. I think the briefing is clear on what we think the law says. Okay. All right. Any questions at this point for Mr. Farnsworth? I think I may, but I'd rather hear Mr. Tolson and come back if we could. Okay, great. Mr. Tolson, go ahead, please. Your Honor, it's a real pleasure to be here today. Can you all hear me? Yes, we can. Thank you. Good. Okay. This case reminds me of my first entry into bankruptcy court about 20 years ago when, in Idaho, it was pretty common practice to raise holy hell in your divorce case with the plan to just go and dump it in bankruptcy later. And my first boss had me work on domestic relations cases for three miserable years. And so I saw that process play out over and over with divorce attorneys who got me a little overzealous. So I do appreciate that the laws developed in bankruptcy court, as I believe, appropriately, to prevent that from happening. And I think it has worked pretty well. In Idaho, our statutes are designed to give the court the right to declare what is a domestic support obligation, and then for the bankruptcy judges to look at that and decide, is there enough information for me to make the determination I've been allowed to make by Congress? And I believe that our judge in this case took the evidence that we submitted and decided, after weighing the factors appropriately, that yes, this qualified as a domestic support obligation, that the attorney fee should be part of that. Go ahead. The judge weighed the evidence. I mean, he read the materials that both of you agreed were the dispositive materials, and he came to his decision of fact. Yes, and I believe that, as the Judge Ferris pointed out, I think it was very professional on both parts to do it that way. We didn't need to retry the divorce again. That affects the standard of review, doesn't it? I think it does, and I think it's in our favor in that case, because at that point, the plaintiff there, the debtor has elected to follow the process of letting that judge make that decision, and so we don't really need to go back and revisit it. That's my position. And that's all that we wanted to clarify, is that you both agreed to submit the universe of documents to the court and then said, if there's conflict or if there's discrepancy here, you resolve it, you apply the law, and you come to an answer, and then we'll take that decision up, as if a trial had been conducted, and now it was review of that evidentiary resolution of disputed fact questions by the bankruptcy court, not summary judgment based upon certain documents. If you find disputed facts, then, Your Honor, we have to go back and try it again. You see my distinction there? Yes, I do, and I agree that that's what we did, and I think Judge Meyers did a good job of being very thorough and determining what happened. And so it's pretty simple to me, as you can see from the record and some of what was put there. The judge at the divorce court felt that Mr. Voss had been abusive to his wife, had done some things he shouldn't have done, and so that's why he made that award. And so I think we... The state court judge just include the award of fees within the support provision. Why did it put it in a separate category? I think it's just the practice of the divorce court judges to decide the attorney fees in a separate way like that, but I think that the evidence that the court had before it in the bankruptcy level showed that it was based on need. It was based on that, which is required by that 32705. So because of that, I think Judge Meyers did do the analysis that the debtor bills did not occur. I'm sorry. Go ahead, Gary. You're not arguing that 704 and 705 essentially establish without further examination that any fees are support? Oh, no. That decision goes both ways. We've had many times where the bankruptcy court will determine it was not a support obligation. We've had times when the bankruptcy court will say, I don't have enough information. I need you to go back to state court and ask some more questions. That's clearly not something that is decided without any investigation. I was going to pick up on what Mr. Farnsworth asked or suggested, and that is that you're not... You don't believe that the statute 704 and 705 would make every award of attorney's through the maintenance provision in order to be established automatically make every award non-dischargeable? No, that to me would be contrary to Idaho law. Your Honor, I don't think we need to take much more time. I think we briefed it pretty well. I think it's there for you. But I just, again, I believe that this is the kind of case that we used to get a lot more. I don't want to see more of these kind of cases. I think that in the divorce court, that's what the divorce court's for. It's not the bankruptcy's bailiwick to try divorces again. And so we'd appreciate a decision that helps that be the law. Thank you, Your Honor. All right, Mr. Farnsworth, any rebuttal? So, I'm mute. Yes, your microphone is muted, I'm afraid. Okay. All right. Thank you. Mr. Tolson mentions that the existence or the mere presence of the would be making it a non-dischargeable support order would be contrary to Idaho law. But we're not talking about Idaho law. We're talking about how the interplay between A5 and A15 and whether that would automatically make a debt into an A5 debt. And so what I think is, if you read the way Judge Meyer's opinion writes, is that because they were in there, he thinks this is obviously in the nature of support. And that's where I think we differ. The judge put it in a separate section. He mentions essentially that it's punitive because of things that Ray had done wrong. He mentions that it is because both the abuse and the, I think he calls it the, I don't know, the dissipation of the savings fund that they had, that if Ray hadn't done that, this award may not have gone this way. I think that is maybe the strongest factor that Judge Meyer ignored and that the bankruptcy code says, in yours to our benefit, that Mr. Voss's benefit, that that is an A15 debt rather than A5 debt. Okay. Anything further? No, thank you. All right. Well, thank you both for your very good briefing and argument and for your professionalism throughout. I think that having read the state court's findings, all three of us would want to tip our hats to all the domestic relations judges out there and thank fortune that we're not among them. Thank you both for your good arguments. The matter is submitted and the panel is in recess. Thank you.
judges: Faris, Spraker, Gan